```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Abdigani Faisal Hussein

    v.                            Civil No. 18-cv-273-JL
                                      Opinion No. 2018 DNH 128

Strafford County Department of Corrections
Superintendent Christopher Brackett and U.S.
Immigration and Customs Enforcement Boston
Field Office Director Chris M. Cronen


## **MEMORANDUM ORDER**

    Abdigani Faisal Hussein filed a petition for a writ of habeas corpus, see 28 U.S.C. § 2241, and complaint for declaratory and injunctive relief, seeking to stay his removal to his native Somalia until the Board of Immigration Appeals (BIA) has decided his recently-filed motion to reopen his removal proceedings, see 8 U.S.C. § 1229a(c)(7). As the court explained in its order of May 16, 2018, it has subject-matter jurisdiction over this petition, despite the provisions of 8 U.S.C. § 1252, because, under the narrow circumstances present in this case, Hussein's challenge to the constitutionality of that statute as applied to his case colorably alleges an impermissible suspension of the writ of habeas corpus. It thus denied the respondents' motion to dismiss this action for lack of subject-matter jurisdiction. See Hussein v. Brackett, 2018 DNH 101.

Following that order, the respondent notified the court that Hussein was scheduled to be transferred from this District and transported to a detention facility in another district in preparation for his removal from the United States on June 28, 2018. Hussein moved for a temporary restraining order preventing his inter-district transfer from this District pending his filing of a motion for a preliminary injunction or the Board of Immigration Appeals's ("BIA") ruling on his motion to reopen his immigration proceedings. He also sought an order preventing his removal from the United States.

The court denies Hussein's motion to stay his transfer from this District and takes his motion to stay his removal from the United States under advisement.

I. **Background**

The court set forth the general background of this action in its May 16, 2018 order denying the respondent's motion to dismiss Hussein's petition. See Hussein, 2018 DNH 101, 3-6. It does not repeat that information here.

On June 15, 2018, pursuant to the court's order requiring 48 hours' notice before petitioner's removal,[1] the United States Attorney notified the court and petitioner's counsel that ICE had obtained travel documents for Hussein and that Hussein would

---

[1] See Order (Johnstone, M.J.) (doc. no. 6) at 2.

2

be transferred from the District of New Hampshire on June 18, 2018, in preparation for his removal to Somalia on June 28, 2018.[2] Hussein moved for a temporary restraining order that same day, seeking an order that would "preserve the status quo until he has sufficient time to adequately brief a motion for a preliminary injunction barring his removal and until the Board of Immigration Appeals rules on his still-pending Motion to Reopen."[3]

The court convened a telephone conference that same afternoon, during which respondents' counsel explained the present situation. Specifically, she represented that:

- Hussein's travel schedule had been changed and that ICE would not transfer him out of New Hampshire to a facility in Louisiana until June 25, 2018, in preparation for removal to Somalia on June 28, 2018.

- She had informed the BIA Emergency Stay Unit ("ESU") of Hussein's scheduled removal.

- In light of Hussein's scheduled departure date, the BIA ESU informed her that his motion to reopen his removal proceedings and his motion for an emergency stay of removal were under consideration and that the

---

[2] Notice (doc. no. 20).

[3] Motion for TRO (doc. no. 21) at 2.

3

> BIA ESU would issue an opinion on Hussein's emergency motion to stay on June 26 or 27 -- before the June 28 removal date.[4]

Following that telephone conference, the respondent "agree[d] and stipulate[d] to a stay on any transport of Petitioner Hussein from the District of New Hampshire to another district until June 25, 2018."[5]

The court held a telephonic hearing[6] on Hussein's motion for a temporary restraining order on June 21, 2018. During that hearing, respondents' counsel supplied further detail about Hussein's scheduled flights, including that Hussein will be flown to Louisiana on the morning of June 25, 2018 and that his flight to Somalia is scheduled to depart from there between 5:00 and 7:00 on the morning of June 28, 2018. Were the BIA ESU to issue a stay before June 28, she noted, Hussein would be returned to New Hampshire on July 2, 2018.

---

[4] It is unclear from counsels' representations whether the BIA would also issue a decision on Hussein's motion to reopen his removal proceedings at the same time. Respondents' counsel represented that the BIA would resolve both motions; petitioner's counsel represented that, in his experience, the BIA ESU invariably resolves motions for an emergency stay without simultaneously addressing the underlying motion to reopen removal proceedings.

[5] Docket entry of June 15, 2018.

[6] Counsel elected to appear by telephone rather than in the courtroom.

4

## II. **Analysis**

Hussein asks the court to "bar[] the Respondents from transferring or causing the transfer of the Petitioner outside of the jurisdiction of the Boston ICE Field Office."[7] While he marshals a bevy of arguments in favor of enjoining his removal from the United States,[8] he offers little by way of argument as to whether this court has authority to enjoin Hussein's removal from this District to Louisiana and, if it did, why it should exercise that authority. He contends only that it would be "immensely difficult" for his present counsel to work with him once he has been relocated within the United States, in part because of geographic distance and in part because none of his counsel are members of the bar in that state.[9] His counsel also filed an affidavit outlining procedures at the facility in Louisiana that may prevent Hussein from communicating with counsel between his arrival there and his removal to Somalia.[10] While the court is sensitive to those difficulties, it is disinclined to enjoin a transfer within the United States. Hussein has not provided any authority for the proposition that

---

[7] Motion for TRO (doc. no. 21) at 5.

[8] See id. at 6-14.

[9] See id. at 13.

[10] Braden Aff't (doc. no. 22).

5

the court has the power to do so or supporting its exercise of that power under the circumstances presented here.

While Hussein's transfer to Louisiana may raise some questions over the court's territorial jurisdiction over this petition following that transfer, cf. Gonzalez v. Grondolsky, 152 F. Supp. 3d 39, 45-46 (D. Mass. 2016), the court need not resolve them in light of the parties' agreement, during the June 21, 2018 telephonic hearing, that this court would retain jurisdiction despite Hussein's transfer.  This also vitiates any difficulties that Hussein would face in litigating this petition -- or filing one anew -- in Louisiana.

## III. Conclusion

Accordingly, the court denies Hussein's motion for a temporary restraining order preventing his transfer from this District to Louisiana.  At the same time, it takes under advisement Hussein's motion for such an order preventing his removal from the United States.

Respondents' counsel shall notify the court immediately of any change in Hussein's travel schedule -- specifically, any change to his transfer on June 25 and removal on June 28 -- and of any action taken by the BIA.

**In any event, respondents' counsel shall file a status report with the court on or before 2:00 pm on June 27, 2018.**

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    June 21, 2018

cc:  Mark J. Devine, Esq.
     Benjamin J. Wahrer, Esq.
     Twain Asher Braden, Esq.
     Terry L. Ollila, AUSA